■ In the Matter of the Claim of ALICE E. McGRATH, Respondent, v. CHAUTAUQUA COUNTY HOME et al., Appellants, and CONNECTICUT GENERAL LIFE INSURANCE COMPANY, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, J. The self-insured employer appeals from a decision of the board which determined that the accident and resulting injury arose out of and in the course of employment. The claimant testified that she had punched the time clock at 7:00 P.M. on August 11, 1964 which terminated her employment for that particular day; that she thereupon went to her room to get her suitcase and bag as she was leaving the employer's premises for the weekend. She took the suitcase to a waiting automobile and then returned for the bag, which she testified she had forgotten, and in the course of returning to the premises, fell on the floor and was injured. It further appears that at the time of the accident the claimant, as one of the older employees, was

permitted to live on the premises upon her paying $25 per month lodging and she was also allowed to purchase her meals at actual cost. It further appears that at the time of her hiring, some years prior to the date of the accident, the employees worked split shifts and it was to the mutual advantage of employer and employees at that time to have the employees live on the premises. At the hearing the Commissioner of Public Welfare testified "Times and working conditions change with the times" and with the transfer of the home to a different location and building, it was no longer necessary for the employees to live on the premises and in fact, no new employees were allowed such privilege. The board, apparently overlooking the changing times, found that the accident on August 11, 1964 was incidental to her employment "since claimant was originally required to live on the premises". The guidelines for recovery in such claims are outlined in *Matter of Groff* v. *Uzzilia* (1 A D 2d 273, affd. 2 N Y 2d 840), where at page 275 the court said: "A sharp distinction must be drawn between the cases of employees who are required to live on the employer's premises, either by virtue of the contract of employment or by reason of the nature of the employment, and cases of employees who are merely permitted to reside on the premises for their own convenience but who are not required to do so." The employment arrangements in existence at the time of the accident of necessity must govern and not a situation which previously may have existed. To sustain the board here would be to find that the work conditions at the time of the employment control, if most favorable to the claimant, albeit working conditions are always subject to change. The board's finding is unrealistic. We need not consider the issue as to whether claimant was leaving her employment at the time of the accident or whether she was on a purely personal mission as the board made no such findings and consequently did not bottom its decision on these grounds. Decision reversed, and matter remitted for further proceedings not inconsistent with this memorandum, with costs to appellants against the Workmen's Compensation Board. Gibson, P. J., Reynolds and Staley, Jr., JJ., concur; Taylor, J., not voting.